# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 19-0573-WS-M |
| CHRISTOPHER TAYLOR, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion to Extend Time to Serve (doc. 9), filed pursuant to Rule 4(m), Fed.R.Civ.P.

On August 22, 2019, plaintiff, Joe Hand Promotions, LLC, filed a Complaint (doc. 1) against defendants, Christopher Taylor and Due South Food Services, LLC. Summons were issued for both defendants on that same date. (*See* doc. 2.) On October 14, 2019, plaintiff filed a Status of Service of Process (doc. 7) reflecting that plaintiff's counsel had inadvertently failed to transmit the executed Summons and Complaint to the process server earlier, but had now confirmed that these items had been received and that the process server was commencing efforts to perfect service on both defendants. In its Motion, Plaintiff indicates that service of process has not yet been achieved because plaintiff's process server has been unable to locate defendant Christopher Taylor, and the restaurant location previously operated by defendant Due South Food Services, LLC has changed ownership and is now operated as a Vietnamese restaurant.

The Federal Rules of Civil Procedure provide that "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m), Fed.R.Civ.P. The Complaint was filed more than 90 days ago, but plaintiff acknowledges that defendants have not been served. Where service is not completed within 90 days, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause exists only when some outside factor, such as reliance on faulty

advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1281 (citation and internal marks omitted); *see also Hong-Diep Vu v. Phong Ho*, 756 Fed.Appx. 881, 882 (11th Cir. Nov. 26, 2018) (same). "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281; *see also Hong-Diep Vu*, 756 Fed.Appx. at 882 ("In ruling on a motion to extend time, a district court must consider whether the movant has shown good cause *as well as* whether the facts of the case otherwise justify a discretionary extension.").

Joe Hand represents to the Court that it has made substantial attempts to serve process on defendants to date, but that it has been unable to locate them. Courts in analogous circumstances have exercised their discretion in favor of extending the Rule 4(m) deadline. *See, e.g., PNCEF, LLC v. Hendricks Building Supply, LLC*, 2010 WL 1856291, *3 (S.D. Ala. Apr. 29, 2010) (exercising discretion to enlarge time for service of process where, among other things, plaintiff had "attempted to establish contact with and to perfect service of process on defendants several times"); *Will-Burn Recording & Pub. Co. v. Universal Music Group Records*, 2008 WL 4793291, *2 (S.D. Ala. Nov. 4, 2008) (extending Rule 4(m) deadline on a discretionary basis where "[t]he record reflects that plaintiffs have undertaken significant efforts to perfect service on the missing defendants, whose precise whereabouts appear to be unknown to plaintiffs"); *Cincinnati Ins. Co. v. Belkin Corp.*, 2008 WL 60402, *2 (S.D. Ala. Jan. 2, 2008) (extending time for service of process on discretionary basis where "plaintiffs have undertaken significant efforts to perfect service on Dongguan, a foreign company whose precise whereabouts have been unknown to plaintiffs until recently"). Furthermore, it appears that no substantial prejudice will accrue to defendants in this case by virtue of a reasonable extension of the Rule 4(m) deadline.

In light of the foregoing, the Court finds that the circumstances presented here warrant a discretionary extension of the 90-day deadline for service of process. Accordingly, Plaintiff's Motion to Extend Time to Serve (doc. 9) is **granted**. The Rule 4(m) deadline for plaintiff to perfect service is hereby **extended** through and including **February 24, 2020**.

DONE and ORDERED this 25th day of November, 2019.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE