IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0573-WS-M |
| | ) |
| DUE SOUTH FOOD SERVICES, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment (doc. 17). The Motion is ripe for disposition.

**I.   Background.**

Plaintiff, Joe Hand Promotions, Inc., brought this action against defendants, Due South Food Services, LLC and Christopher Taylor, alleging violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, and the Copyright Act of the United States, 17 U.S.C. §§ 101, *et seq.* In particular, the well-pleaded Complaint alleges that Joe Hand had contracted to obtain exclusive rights to commercial distribution of the pay-per-view boxing match between Floyd Mayweather, Jr. and Conor McGregor on August 27, 2017 (the "Program"). (Doc. 1, ¶¶ 5-6, PageID.2.)  The Complaint further alleges that Joe Hand licensed the Program to over 6,000 commercial establishments nationwide, with such establishments paying a commercial sublicense fee to Joe Hand pursuant to a published rate card. (*Id.*, ¶¶ 10-11, PageID.3.)  According to the Complaint, a restaurant in Bayou La Batre, Alabama called Due South Grill & BBQ, operated by defendant Due South Food Services, LLC, did not pay the required license fee to Joe Hand, but instead unlawfully obtained the Program through an unauthorized cable signal, satellite signal or Internet stream. (*Id.*, ¶¶ 11-14, PageID.3-4.)  Due South, along with defendant Christopher Taylor who is identified as an officer, director, shareholder, member or principal of Due South, are alleged to have intentionally pirated the Program by exhibiting it for the purpose of attracting paying customers, patrons, members and

guests, such that defendants wrongfully benefited financially by infringing Joe Hand's exclusive rights in the event.

On the basis of these and other well-pleaded factual allegations, Joe Hand asserts claims against Due South and Taylor for satellite and cable piracy, in violation of the Federal Communications Act of 1934, and for willful, intentional and purposeful copyright infringement.

The court file reflects that both defendants were properly served with process nearly five months ago.  In particular, returns of service indicate that a private process server personally served the Summons and Complaint on Taylor and Due South via service on Taylor's wife at a residence in Grand Bay, Alabama on December 17, 2019.  No business was found.  (*See* docs. 11 & 12.)  When defendants failed to appear or file a responsive pleading within the time prescribed by Rule 12(a), Fed.R.Civ.P., Joe Hand applied to the Clerk of Court for entry of default.  (Docs. 13 & 14.)  On January 27, 2020, a Clerk's Entry of Default was entered against each defendant pursuant to Rule 55(a), Fed.R.Civ.P., for failure to plead or otherwise defend within the time prescribed by the rules.  (Docs. 15 & 16.)  Copies of the Clerk's Entries of Default were served on defendants by mail at their addresses of record.  Despite notice of the default proceedings against them, defendants neither appeared in this litigation nor took action to attempt to set aside the entry of default.  Defendants simply did not acknowledge the summonses, the defaults or the pendency of this lawsuit at any time in any manner.  On May 1, 2020, Joe Hand filed its Motion for Default Judgment, and served notice of that Motion on each defendant via U.S. mail addressed to his or its address where service of process was perfected.  (Doc. 17.)  Defendants have not responded to the Motion or otherwise undertaken to forestall entry of default judgment against them.

**II.     Analysis.**

     ***A.     Entry of Default Judgment is Appropriate.***

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter

default judgment for failure ... to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, defendants have failed to appear or otherwise acknowledge the pendency of a lawsuit for five months after being served, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process. In short, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F.Supp.2d 193, 195 (D.D.C. 2006) (citation omitted). That is precisely what defendants have done here. Despite being served with process back in mid-December, 2019, Due South and Taylor have declined to appear or defend, and have thereby stopped the progress of this litigation in its tracks.

The law is clear, however, that defendants' failure to appear and the Clerk's Entry of Default do not automatically entitle Joe Hand to a default judgment in the requested (or any) amount. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Descent v. Kolitsidas*, 396 F.Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

In light of these principles, the Court has reviewed the Complaint and is satisfied that Count I (the only claim for which Joe Hand seeks an award of damages) sets forth a viable cause of action against Due South under federal law. In particular, Count I alleges that defendants

engaged in satellite piracy, in violation of 47 U.S.C. § 605, by unlawfully intercepting and receiving an interstate satellite signal, then divulging same in defendants' restaurant to attract customers and patrons for profit. These facts, which are all deemed admitted by virtue of the default, adequately state a claim against Due South for violation of § 605. *See, e.g., Joe Hand Promotions, Inc. v. Coaches Sports Bar*, 812 F. Supp.2d 702, 703-04 (E.D.N.C. 2011) (complaint stated violation of § 605 by sports bar for intercepting and broadcasting fight on the premises for purposes of commercial advantage); *Joe Hand Promotions, Inc. v. Scott's End Zone, Inc.*, 759 F. Supp.2d 742, 748 (D.S.C. 2010) (plaintiff adequately alleged violation of § 605 by showing that sports bar intercepted program's signal and aired it to commercial patrons); *Joe Hand Promotions, Inc. v. McBroom*, 2009 WL 5031580, *3 (M.D. Ga. Dec. 15, 2009) (finding that complaint stated a claim for violation of § 605 where it alleged "(1) that Defendants intercepted the Program, (2) that Defendants did not pay for the right to receive the transmission, and (3) that Defendants displayed the Program to patrons of its establishment").

As for defendant Taylor, the case law reflects that in order for an individual defendant to be held liable under § 605 on a vicarious liability theory, a plaintiff must show that the defendant had supervisory control over the establishment's illegal actions and had a strong financial interest in same. *See, e.g., Joe Hand Promotions, Inc. v. Creative Entertainment, LLC*, 978 F. Supp.2d 1236, 1241 (M.D. Fla. 2013) (vicarious liability under § 605 requires showing that individual defendant "had the right and ability to supervise the violations, and … that he had a strong financial interest in such activities"); *Coaches Sports Bar*, 812 F. Supp.2d at 703 (no default judgment damages award against individual defendant where "[a]part from stating that Mr. Dillon is the principal of Coaches, the complaint does not mention him," and lacks any allegations that "he authorized, directed, or supervised the illegal interception"); *McBroom*, 2009 WL 5031580, at *4 (finding that plaintiff made adequate showing that individual defendant was liable as officer, director, shareholder or principal of restaurant by pleading that he "had supervisory control over the Restaurant's decision to broadcast the Program and that he received financial benefit from it"). Here, Joe Hand has made the requisite showing. The well-pleaded factual allegations of the Complaint, which are now deemed admitted because of defendants' default, reflect that Taylor "had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all times relevant to Plaintiff's claims."

(Doc. 1, ¶ 9, PageID.3.)  Accordingly, defendant Taylor's liability under Count I has likewise been established here.

In sum, because the Complaint's well-pleaded factual allegations are deemed admitted by virtue of defendants' default, and because such allegations are sufficient to state actionable claims under § 605(a), the Court finds that Due South and Taylor are liable to Joe Hand on Count I.  Thus, entry of default judgment pursuant to Rule 55 is appropriate against both defendants, given their failure to appear after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (all of which defendants have now admitted) to establish their liability to Joe Hand.

### B.      *Plaintiff's Damages.*
#### 1.      *Applicable Legal Standard.*

Notwithstanding the propriety of default judgment against defendants, it remains incumbent on Joe Hand to prove its damages.  "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks.").  Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in

default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").[1]

### 2. *Statutory and Enhanced Damages.*

An aggrieved party in Joe Hand's position may elect either actual or statutory damages for a violation of the satellite piracy provisions of the Federal Communications Act of 1934. *See* 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). Plaintiff has opted for the latter form of damages here. The statute provides that "the party aggrieved may recover an award of statutory damages for each violation … in a sum of not less than $1,000 or more than $10,000, as the court considers just." *Id.* § 605(e)(3)(C)(i)(II). Although approaches vary substantially, courts in this Circuit have commonly fixed statutory damages in an amount commensurate with the license fee the establishment would have had to pay the distributor to air the Program lawfully. *See, e.g., Joe Hand Promotions, Inc. v. Sports Nut, LLC*, 2017 WL 6492546, *4 (N.D. Ala. Dec. 19, 2017) ("In this case, the Court elects to award damages based on the license fee JHP would have received if Defendants had acquired the signal legally," or $3,150 in statutory damages); *McBroom*, 2009 WL 5031580, at *4 (collecting cases in which statutory damages under § 605 were calculated by "award[ing] the plaintiff the license fee the defendant, based on its maximum capacity, would have paid if it had legally purchased the event for exhibition"); *J & J Sports Productions, Inc. v. Arboleda*, 2009 WL 3490859, *6 (M.D. Fla. Oct. 27, 2009) (explaining that "[a] multitude of other courts have … assessed damages based on a per-patron basis for the maximum the bar/restaurant allows," as licensing fee would have charged, with multiplier for enhanced

---

[1] In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch*, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13; *see also Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required."). Joe Hand has not requested a hearing, but instead relies solely on declarations and exhibits that make an adequate record to show statutory damages. In light of these authorities and circumstances, the Court will fix the amount of damages based on plaintiff's evidentiary submission, without conducting a formal hearing.

damages). The Court considers this methodology to be just and appropriate in this case, notwithstanding Joe Hand's request for the maximum award of statutory damages authorized by § 605(e)(3)(C)(i)(II). Plaintiff's evidence confirms that Due South would have been required to pay Joe Hand a commercial sublicense fee of $3,700 to broadcast the Program at its establishment. (Doc. 17-2, ¶ 7, PageID.62-63; doc. 17-4, PageID.81.) As such, the Court finds that a statutory damages award of $3,700 is just in this case.[2]

Plaintiff also requests an award of enhanced damages under § 605, which provides that "in any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." 47 U.S.C. § 605(e)(3)(C)(ii). "Willfulness may be inferred from the conduct required to intercept a broadcast without authorization." *Zuffa, LLC v. Roldan*, 2015 WL 12862924, *5 (M.D. Fla. Aug. 13, 2015); *McBroom*, 2009 WL 5031580, at *5 (defendant's broadcast of program without authorization is enough to show willful violation committed for purpose of direct or indirect financial gain, so as to support award of enhanced damages). Plaintiff's evidence that Due South intercepted the Program without authorization, broadcasted it to patrons at its restaurant without authorization, and even advertised it on its Facebook page is sufficient to show willfulness and purposes of commercial advantage or financial gain, such that enhanced statutory damages may properly be awarded in this case.

"Courts use a number of factors in determining whether a defendant's willful conduct justifies increased damages: i) repeated violations over an extended period of time; ii) substantial

---

[2]    In so concluding, the Court observes that Joe Hand's request for a statutory damages award in the maximum amount of $10,000 would be the equivalent of the commercial sublicensing fee for the Program for an establishment with a minimum seating capacity of approximately 300 people. (Doc. 17-4, PageID.81.) However, plaintiff concedes that Due South's maximum capacity was less than 100 people, and that on the night in question, defendants exhibited the Program on a single television set to approximately 40 customers. (Doc. 17-2, ¶ 14, PageID.63-64; doc. 17-5, ¶ 3, PageID.82.) An award of statutory damages of $3,700 in this case equates to nearly $100 per patron present on Due South's premises during the broadcast of the Program, and appears appropriate under the circumstances. *See generally Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp.2d 59, 63-64 (E.D.N.Y. 2006) (noting that statutory damages of $50 per patron is generally appropriate, and that "although the amount of damages should be an adequate deterrent, [a single] violation is not so serious as to warrant putting the restaurant out of business") (citation omitted).

unlawful monetary gains; iii) advertising of the broadcast; iv) charging of a cover charge or premiums for food and drinks; or v) plaintiff's significant actual damages." *Arboleda*, 2009 WL 3490859, at *7. Moreover, "[c]ourts facing a similar fact pattern as in this case have awarded enhanced damages of three times what it would have cost Defendants to lawfully exhibit the Program." *McBroom*, 2009 WL 5031580, at *5; *see also Sports Nut*, 2017 WL 6492546, at *5 (awarding enhanced damages of three times the licensing fee, where there was no evidence of other violations by defendants, no evidence of cover charge or premium food/ beverage prices, and no evidence that patron turnout was appreciably higher or more lucrative for defendants because of the event, although defendants did advertise the event on Facebook). The Court agrees with Joe Hand that an award of enhanced damages using a multiplier of triple the statutory damages award is justified and appropriate here. Accordingly, damages are awarded in Joe Hand's favor, and against Due South and Taylor, jointly and severally, in the amount of **$3,700** in statutory damages, plus an additional **$11,100** in enhanced damages for defendant's willful violation of § 605 in unlawfully intercepting and broadcasting the Program.

### 3. Attorneys' Fees and Expenses.

In any case under § 605 in which the aggrieved party prevails, an award of costs and reasonable attorneys' fees is mandatory. *See* 47 U.S.C. § 605(e)(3)(B)(iii) ("The court … shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."). Plaintiff's evidence is that its attorneys expended a total of six hours on this litigation at an hourly rate of $250, for a total attorneys' fee of $1,500. (Doc. 17-6, ¶ 9, PageID.85.) The Court finds that both the hourly rate and the time expended are reasonable under the circumstances, and will therefore award plaintiff a reasonable attorneys' fee of **$1,500.00** in this matter. *See, e.g., Sports Nut*, 2017 WL 6492546, at *5 ("[i]n its discretion and experience, the Court finds that six hours of attorney labor, at a rate of $250 per hour, is a reasonable amount given the complexity and procedural posture of the case," in default judgment action involving satellite piracy of pay-per-view fight by a bar/restaurant in Alabama). Plaintiff has also shown that it incurred costs of $400 for the filing fee and $250 for service of process fees (doc. 17-6, ¶ 10, PageID.85); therefore, plaintiff will also be awarded full costs of **$650.00**.

### III.  Conclusion.

For all of the foregoing reasons, plaintiff's Motion for Default Judgment (doc. 17) is **granted**. Default judgment will be entered in favor of Joe Hand and against defendants, Due

South Food Services, LLC and Christopher Taylor, jointly and severally, in the total amount of **$16,950.00**, consisting of $3,700 in statutory damages, $11,100 in enhanced damages for a willful violation, $1,500 in reasonable attorneys' fees, and $650 in costs.

    DONE and ORDERED this 18th day of May, 2020.

                                           s/ WILLIAM H. STEELE
                                           UNITED STATES DISTRICT JUDGE